Scribner, J.
This is a proceeding in error to reverse a judgment rend-ered by the court o£ common pleas in favor of the defendants in error against the plaintiff in error in an action brought by the plaintiff, Smith, against the defendants. The case was disposed of in the court of common pleas upon several demurrers by the defendants to the amended petition of the plaintiff. The plaintiff in his amended petition, set out, in the first place, the existence of the city of Toledo as a municipal corporation, and avers that the defendant, Guy G. Major, was and is the Mayor of said city. There was further set out an ordinance of the city of Toledo, passed on the 22nd of November, 1889, which is as follows:
“Section 1. Be it ordained by the common council of the city of Toledo that section 272 of the Revised Ordinances of the city of Toledo be amended so as to read as follows:
“Section 272. Every person keeping a saloon within the limits of the city of Toledo, who shall give or permit to be given within the building where such saloon is kept or connected therewith, any show, exhibition, musical perform *363 anee or concert, shall be required to pay as a license fee for ■such show, exhibition, musical performance or concert by him given or permitted to be given within such building, or building adjoining such saloon or connected therewith, the sum of one hundred dollars for one year, and no license shall be issued for a less period than one year.”
The plaintiff then avers:
“On the 5th day of September, A. D, 1893, said plaintiff, intending to avail himself of the franchises, licenses and privileges intended to be conveyed by the terms of section 272 of said ordinances on such persons as should pay for and receive a license in pursuance of section 272 of said ordinances, paid to the said Guy G. Major the required fee for the same by the terms of section 272 of said ordinances, to-wit the sum of $100, and thereupon the aforesaid Guy G. Major, acting in the capacity of mayor of said city, received from this plaintiff the said sum of $100 and paid the same into the city treasury of said city, and thereupon issued to this plaintiff a paper writing and license by virtue of section 272 of the aforesaid ordinances, of which the ■following is a copy, to-wit:
• “No. - Mayor’s Office.
Toledo, Ohio Sept. 5, 1898,
“Mr. William F. Smith is hereby licensed to have saloon ■concerts for one year from date within city limits, and has ■paid one hundred dollars.
“Guy G. Major, Mayor.”
Then the plaintiff says that:
“On the 5th day of September, 1893, plaintiff under and in pursuance of the license aforesaid, went to a great expense, to-wit: The sum of $40.00, in fitting up his saloon room in order to conduct such concert business, and started to and did conduct the same up to and including the 24th day of January, 1894, and on said day a policeman of said city of Toledo, acting in such capacity, and under the instructions Af said Guy G. Major, served upon the plaintiff á paper writings copy of which is as follows: * * *.”
He then sets up the paper subscribed by the mayor in his capacity as such, in which the plaintiff is notified that *364 said license is revoked by him as mayor. And then he says-that thereupon the plaintiff was prevented by certain policemen of the city, acting under the authority of the mayor, and by virtue of the revocation, as it is said here, of his license, interfered with the plaintiff, and compelled him to-discontinue his saloon concerts, and he says that he was thereby prevented from conducting the business which he had been licensed to conduct. And then he says: “That no part of the license fee, paid as aforesaid for the privilege of conducting the said concert business by plaintiff,, has ever been returned or paid back to him, although he has repeatedly demanded payment of the same from the defendants.” And he says: “By reason of the foregoing' the plaintiff claims a judgment against the defendants in-the sum of one hundred dollars.”
It is averred in the petition that the money so paid by him to the mayor for his license has been paid into the treasury of the city of Toledo. Now the question is — and the sole question: Do the facts stated in this petition constitute a cause of action against the defendants, or either of them? It will be observed that it is nowhere stated or claimed that the city, in any way, or any of its subordinates-by virtue of the action of the council, or in any other manner, interfered with this business of the plaintiff in any particular; but the allegation is that it was the mayor, claiming to act in his official capacity as mayor of the city, who revoked the license and interfered, with the assistance of a-policeman, in preventing the plaintiff from carrying on his-business under the license.
It appears to us, from the facts as stated, that the mayor-had no power or authority to revoke that license. There is no provision of the ordinance cited whereby the mayores invested with any such power. The council passed on ordinance authorizing the license to be given upon payment of the sum of one hundred dollars. The mayor was author *365 ized to issue the license upon the payment of such sum; but it is nowhere provided that the mayor may revoke the license which he has given and forbid the plaintiff from carrying on his business. The council has not, in any manner, so far as this petition shows, taken steps in the premises; they have not, by resolution or otherwise, directed the police authorities nor the mayor of the city to interfere or interrupt or prevent the plaintiff from carrying on his business. The mayor is not, by virtue of his office as mayor, authorized to interfere or intervene and prevent a man from carrying on his business. And as for the revocation paper, the notice showing an attempt upon the part of the mayor to revoke his authority upon the ground that complaint is made to him as to the manner in which plaintiff is conducting his business, no doubt, in a proper proceeding, instituted by proper authority,if the plaintiff was conducting a disorderly place, steps might be taken under the ordinance of the city to repress such disorders as might appear to be chargeable to the plaintiff; but the mayor, upon the mere complaint of a citizen or citizens that the place is disorderly or disreputable, has no authority to send a notice to the party that his license is revoked or withdrawn, and to send a policeman there to break up his business, and for such an act, authorized on the part of the mayor, we cannot understand how the city can be held responsible.
The petition, therefore, shows no cause of action against the city, as it appears to us, and the demurrer of the city therefore, for that reason if for no other, was properly sustained.
Now as to the mayor himself; the proceeding being brought for the purpose of recovering from the mayor the sum of money which had been paid for the license and which he had paid into the treasury of the city, it shows no cause of action against the mayor. The mayor is authorized to issue the license, upon payment of a certain sum of money. *366 It appears from the petition that the money has been paid and the license has been issued, and the mayor has paid the ■money into the treasury of the city. He has not got the money, and he is not responsible for it. He cannot be called upon to return the money which has been paid for the license. The remedy of the plaintiff, if he have any, as •against the mayor, is for an unwarranted and unauthorized interference with the business he was carrying on.
Of course, there would be, perhaps, no responsibility for interfering with the business if the plaintiff was in fact conducting it in any illegal or disorderly manner, justifying the interference of the public authorities with the conduct of the business. But, if the mayor, without proper cause, attempted to exercise the authority of a mayor and directed the police authorities to dose the business and interfere with the manner of its being conducted, he is responsible for such unwarranted interference just as any citizen would be responsible for interfering with the conduct of any private business of any citizen of the municipality. But, what would he be responsible for? For the damages that the party may have sustained by such unwarranted interference in the conduct of his business; not for the money which has been paid into the treasury of the city for this license, but for the damages which had been sustained by the citizen in consequence of unlawful interference with the conduct of his business, whether it was done by a mayor or a mere private citizen.
There is no allegation in this petition of any damage sustained, except in a general way; no facts are shown which would constitute any special damage; the plaintiff simply asks to recover back his $100, or such portion of it as would •cover the unexpired term for which he had been licensed to carry on the business. It appears to us, therefore, that there was no error in the proceedings of the court of common pleas in sustaining the demurrer and rendering judg *367 ment thereon in favor of the city and of the defendant Major. The judgment will be affirmed.
B. F. Reno, for Plaintiff in Error.
G. F. Watts, for Defendant in Error.